SUMMARY ORDER

Appellant Total Communications Inc. (“Total”) appeals from decisions of the United States District Court for the District of Connecticut (Bryant, /.), entering judgment in favor of Appellee Sharon Hubbard on a jury verdict and denying Appellant’s judgment as a matter of law under Federal Rule of Civil Procedure 50. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
We review the denial of a Rule 50 motion de novo, requiring the movant to show that there is no legally sufficient evidentiary basis for a reasonable jury to find in favor of the non-movant. Cross v. N.Y. City Transit Auth., 417 F.3d 241, 247-48 (2d Cir.2005). In reviewing the sufficiency of the evidence, we draw all inferences in favor of the non-moving party, which means we cannot determine the credibility of witnesses, weigh conflicting evidence, or substitute our judgment for that of the jury. Gronowski v. Spencer, 424 F.3d 285, 291-92 (2d Cir.2005). We may not retry the case ourselves. Id. at 292. We may only overturn a jury’s verdict when no evidence exists to support that result, or there exists such overwhelming evidence in favor of the movant-appellant that the verdict is unreasonable. LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 429 (2d Cir.1995).
In order to prove a claim of retaliation under Title VII, as well as Connecticut state law, see Brittell v. Dep’t of Corr., 247 Conn. 148, 717 A.2d 1254, 1264 (1998), a plaintiff must demonstrate that (1) she participated in a protected activity known to the defendant, (2) she suffered an adverse employment action, and (3) there exists a causal connection between the protected activity and the adverse employment action. Johnson v. Palma, 931 F.2d 203, 207 (2d Cir.1991). “Protected activity” includes opposition to a discriminatory *681 employment practice or participation in any investigation, proceeding, or hearing under Title VIL See 42 U.S.C. § 2000e-3(a). To demonstrate participation in a protected activity, a plaintiff in a retaliation case need not prove that the conditions she protested amounted to an actual Title VII violation; she need only establish that she had a good faith, reasonable belief that a violation occurred. Wimmer v. Suffolk County Police Dep’t, 176 F.3d 125, 134 (2d Cir.1999). Neither must the plaintiff formally oppose the alleged discriminatory behavior. This court has interpreted the opposition clause to protect not only the filing of formal discrimination charges, but also “informal protests of discriminatory employment practices, including making complaints to management, writing critical letters to customers, protesting against discrimination by industry or by society in general, and expressing support of coworkers who have filed formal charges.” Sumner v. U.S. Postal Serv., 899 F.2d 203, 209 (2d Cir.1990).
Total argues that the October 27, 2003 email from Appellee Sharon Hubbard (“Hubbard”) to her supervisor was not sufficient as a matter of law to constitute protected activity for purposes of a Title VII retaliation claim. However, the jury reasonably found that the email complaint alleged differential treatment between Hubbard and the men in her department. Indeed, the second sentence of the complaint refers to “guys”: “IT IS REALLY NICE TO FIND OUT THAT THE ENTIRE SERVICE DEPT GOT THEIR REVIEW/RAISES THAT WERE DUE IN JULY 2003. WHICH WOULD BE 10-12 GUYS/TECHNICIANS.” (emphasis added). This informal complaint of discrimination is enough to satisfy the protected activity requirement under Title VII.
Total also argues that Hubbard’s termination occurred too far in time after the email complaint to qualify as retaliatory. To prove a retaliation claim indirectly, a plaintiff must demonstrate that the adverse employment action closely followed the protected activity. Cifra v. Gen. Elec. Co., 252 F.3d 205, 217 (2d Cir.2001). We have never established a temporal bright line beyond which an adverse employment action cannot qualify as retaliatory. See Gorman-Bakos v. Cornell Co-op Extension of Schenectady County, 252 F.3d 545, 554 (2d Cir.2001). In this case, Hubbard’s termination happened a little over four months after her email complaint. Wherever the outer limit, this case does not present it, and the jury was entitled to find that there was a causal connection.
Total also argues that Hubbard did not present sufficient evidence to support a conclusion that Total’s reasons for firing Hubbard were pretextual. Total claims Hubbard was fired for excessive personal Internet use. Hubbard, however, established that other Total employees used the Internet as much, or more, than she did, and that only she and two other women were monitored. The evidence she introduced called into question Total’s explanation for her termination. The jury was entitled to find that explanation to be pretextual. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147-48, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000).
The jury’s conclusion that Total fired Hubbard in retaliation for her discrimination complaint was not unreasonable. We have reviewed Total’s other arguments and find them meritless.
For the foregoing reasons, the judgment of the district court is AFFIRMED.